**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLEMENTE CASTRO

      Plaintiff,

vs.                               Case No.

MARTIN'S FLOORING AND MAINTENANCE, INC,
a Florida Profit Corporation,
and TED A. MARTIN, individually,

      Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ("Plaintiff"), CLEMENTE CASTRO, by and through the undersigned counsel, hereby sues Defendants, MARTIN'S FLOORING AND MAINTENANCE, INC, and TED A. MARTIN, individually, ("Defendants"), and in support aver as follows:

### GENERAL ALLEGATIONS

1. This Court has jurisdiction over Plaintiff FLSA claims pursuant to the 29 U.S.C. § 216.

2. Plaintiff was at all times relevant to this action, and continues to be, resident of Orange County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant, MARTIN'S FLOORING AND MAINTENANCE, INC, is Florida Profit Corporation, having its main place of business in Orange County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

4. Defendant, TED A. MARTIN, is company owner and exercised operational control over the activities of corporate Defendants.

5. Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County and payment was due in Orange County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was employed by Defendant as a flooring contractor beginning on or about January 16, 2023.

9. Plaintiff's job duties included installation of flooring and marble work on walls and floors.

10. Plaintiff typically worked approximately fifty-four (54) hours per week.

11. Plaintiff was not paid overtime for hours worked over forty (40) per week.

12. Plaintiff also performed approximately two (2) hours of off-the-clock work each week.

13. Plaintiff was paid by direct deposit at a rate of $4.75 per square foot for marble and $4.00 per square foot for ceramic.

14. Defendant's owner, Ted A. Martin, exercised operational control over Plaintiff's employment, including hiring, firing, scheduling, and payroll practices. He set pay rates and determined the method in which Plaintiff was paid.

15. Plaintiff was supervised by two (2) individuals named Christian and Jean.

16. Plaintiff worked without a written contract but was required to provide proof of general liability and workers' compensation insurance prior to beginning work.

17. Upon submitting proof of insurance, Plaintiff was permitted to begin working.

18. Plaintiff worked on three projects: a luxury hotel in Sarasota named Lombokie, and two residential houses.

19. The agreement with Defendant was that Plaintiff would be paid in full for each job, but five percent (5%) of the payment for each job would be withheld until the full completion of each respective job.

20. Plaintiff completed all three jobs in full and as agreed on or about April 15, 2024, which is when his employment with Defendant ended.

21. Despite this, Defendant has failed to pay Plaintiff over $40,000 that remains due.

22. At the time of separation, Plaintiff was told by Christian that the five percent (5%) withheld from each job would be paid one year after completion.

23. More than a year has passed, yet Christian has not paid Plaintiff the withheld funds.

24. When Plaintiff followed up regarding the money owed, Christian falsely claimed the funds were used to pay for insurance.

25. Plaintiff knows this claim to be false, as he personally provided proof of his own general liability and workers' compensation insurance.

26. Rather than pay the amount owed, Christian has attempted to deflect and offered Plaintiff more work in an apparent attempt to make Plaintiff forget about the wages due.

27. Plaintiff has made repeated complaints to Christian about the wages owed.

28. Defendants' failure to pay Plaintiff has been intentional and willful as they have not paid Plaintiff the agreed-upon compensation for the completed work, including overtime and off-the-clock labor, in violation of the Fair Labor Standards Act (FLSA).

## COUNT I

**Breach of Agreement against**
**MARTIN'S FLOORING AND MAINTENANCE, INC**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

30. Defendant breached its agreement with Plaintiff by failing to comply with the terms in her signed contract.

31. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
*Wage & Hour Federal Statutory Violation Against*
*MARTIN'S FLOORING AND MAINTENANCE, INC*

32. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

33. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States

4

and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

5

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation Against TED A. MARTIN*

42. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

43. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTIN'S FLOORING AND MAINTENANCE, INC.

44. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly

in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45. Defendant had operational control of the business and is thus jointly liable for Plaintiff' damages.

46. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff' rights.

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>April 14, 2026</u>                          Respectfully submitted,

*/s/ Mark S. Edwards*
**Mark S. Edwards, Esq.**
Fla. Bar No. 906859
mark.edwards@rgph.law
***REMER, GEORGES-PIERRE, &***
***HOOGERWOERD PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone